UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE STAFFORD,

      Petitioner,

                                     Case No. No. 2:20-cv-11136

v.                                Honorable Sean F. Cox

JOHN DAVIDS,

      Respondent.

_____/

## OPINION AND ORDER DISMISSING THE HABEAS PETITION [ECF NO. 1]

Petitioner Lawrence Stafford, a Michigan state prisoner confined at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his convictions by a Wayne County Circuit Court jury on charges of second-degree murder and felony firearm, for which he is serving prison terms of thirty to sixty years and two years, respectively.

Now having reviewed the petition, Respondent's answer, and the Rule 5 materials, the Court concludes that the Michigan appellate courts were not unreasonable in affirming Petitioner's convictions. The petition will be dismissed.

## I. Background

The Michigan Court of Appeals summarized the facts of Petitioner's case as follows:

> Defendants Lawrence Stafford and Travone Wilson were tried jointly, before a single jury. The jury acquitted both defendants of charges of first-degree premeditated murder and felony murder, MCL 750.316(1)(a) and (b), and a charge of first-degree home invasion, MCL 750.110a(2), but convicted them of the lesser offense of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. The trial court sentenced defendant Stafford to 30 to 60 years of imprisonment for the murder conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. . . .
>
> Defendants' convictions resulted from their participation in the fatal shooting of Ernest Tye in Tye's home. The defendants are brothers even though they have different last names. The principal issue at trial was defendants' identity as participants in the crime. The prosecutor presented evidence that defendant Stafford, defendant Wilson, and a person named Willie Simms were seen outside the duplex where Tye lived in an upstairs unit, and they gained entrance after defendant Stafford kicked in the door. Defendants Stafford and Wilson entered the duplex, while Simms stayed behind, acting as a lookout. Henric Hayes, who lived in the downstairs unit of the duplex, heard concerning noises originating from the stairwell, opened his door, and saw Simms holding a gun and wearing plastic gloves. Hayes quickly slammed his door and, soon after, heard several gunshots originating from Tye's unit. Charles Deen, a neighbor who had observed the three men gain entry into the duplex, heard several gunshots and then saw defendant Stafford, defendant Wilson, and Simms flee from the duplex. Around the same time, another witness, Mark Eddins, saw defendant Stafford, defendant Wilson, and Simms fleeing from the area of the duplex, running toward a vacant house that the three men frequented. Defendants Stafford and Wilson both denied any involvement in the offense.

*People v. Stafford*, No. 336842, 2018 WL 4577192, at *1 (Mich. Ct. App. Sept. 13,

2

2018).

Petitioner appealed his convictions as of right. His appointed appellate attorney argued that his conviction on the murder and weapons charges were not supported by sufficient evidence. Petitioner raised three additional issues *pro se*,[1] arguing (1), he was denied a fair trial because the prosecutor committed fraud upon the court; (2), he was denied due process when the prosecution knowingly presented the testimony of witness who had been tampered with; and (3), he was denied a fair trial and due process when the prosecutor knowingly presented false testimony.

The Michigan Court of Appeals affirmed Petitioner's convictions. *Stafford*, 2018 WL 4577192. Petitioner applied to the Michigan Supreme Court for leave to appeal, but it denied leave in a standard form order (because it was "not persuaded that the questions presented should be reviewed by this Court."). *People v. Stafford*, 504 Mich. 944, 931 N.W.2d 353 (2019).

Petitioner filed a timely petition for a writ of habeas corpus. He raises the same four issues he argued in the state appellate courts, which are as follows:

I. The conviction must be reversed where the substantive

---

[1]

Criminal defendant-appellants are permitted to file a supplemental *pro se* brief in the Michigan appellate courts pursuant to Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004). *Hayes v. Horton*, 596 F. Supp. 3d 978, 993 n.1 (E.D. Mich. 2022).

3

evidence of record was not legally sufficient to prove beyond a reasonable doubt that Mr. Stafford – as principal or aider and abettor – committed the murder and firearm offenses.

II. Petitioner was denied a fair trial where the prosecutor committed fraud upon the court.

III. Petitioner was denied due process when the prosecution knowingly presented the testimony of Charles Deen with whom it knew the victim's sister had tampered and bribed to provide his testimony.

IV.    Petitioner was denied his state and federal constitutional rights to a fair trial and due process where the prosecution knowingly presented false testimony through the testimony of Charles Deen, their chief witness, in order to secure a conviction.

## I. Legal Standard

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

4

State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the

doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation and citation omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.

6

*Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id*.; *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## II. Discussion

### A. Insufficiency of the evidence

Petitioner first argues that insufficient evidence supports his convictions on second-degree murder and felony-firearm charges. "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 309 (citing *In Re Winship*, 397 U.S. 358 (1970)). Under AEDPA, the habeas court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because such claims "are subject to two layers of deference[.]" *Tackett v. Trierweiler*, 956 F.3d 358, 366 (6th Cir. 2020).

The first layer is direct appeal, where the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (citing *Jackson*, 443 U.S. at 319) (emphasis in original). "This standard 'must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Id*. (quoting *Jackson*, 443 U.S. at 324, n. 16). AEDPA provides the second layer of deference: "[O]n habeas review, a federal court may . . . overturn a state court decision . . . only if the state court decision was objectively unreasonable." *Tackett*, 956 F.3d at 367.

8

When evaluating sufficiency-of-the-evidence claims, the habeas court "is not at liberty to reweigh the evidence or reassess the credibility of witnesses." *Smith*, 962 F.3d at 205 (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). Habeas petitioners' "[a]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence." *Id.* (quoting *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002)). It is the job of the factfinder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Cavazos v. Smith*, 565 U.S. 1, 7 (2011); *Martin*, 280 F.3d at 618; *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983).

The Michigan Court of Appeals held that sufficient evidence supported Petitioner's conviction. *Stafford*, 2018 WL 4577192, *3. Its analysis commenced with a review of the elements of second-degree murder and felony-firearm, *id.* at *2 (citations omitted), as required under *Jackson*. *See Smith*, 962 F.3d at 205 (citing *Jackson*, 443 U.S. at 324, n. 16). In addition, the state court observed that "[i]dentity is an essential element in a criminal prosecution[,]" and acknowledged the identity of the participants was the "principal issue" at Petitioner's trial. *Id.* at *1, *2 (citation omitted).

The court of appeals did not name *Jackson* or its federal court progeny, but it is not obligated to do so if its decision did not conflict with their principles. *See*

9

*Early*, 537 U.S. at 8 (holding that section 2254 "does not require citation of [Supreme Court] cases"). The court did apply the appropriate constitutional standard, that is, "whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id.* at *1; *compare Smith*, 962 F.3d at 205 (quoting *Jackson*, 443 U.S. at 319 and reciting the *Jackson* test as "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original).

The state court then reviewed the testimony which supported Petitioner's identity and guilt. It concluded that because the jury heard that "Stafford was the person who twice inquired about Tye's whereabouts earlier in the day, later kicked in the front door of Tye's duplex to gain entrance, and was one of two men in Tye's unit when Tye was shot, the jury could reasonably infer that defendant Stafford was the person who shot Tye." *Stafford*, 2018 WL 4577192, *3. It also noted that, "to the extent there was uncertainty over which person delivered the fatal gunshots . . . . the evidence was sufficient to sustain defendant Stafford's convictions under either a principal or an aiding-and-abetting theory." *Id.*

Petitioner's argument relies heavily on the inconsistencies in the trial testimony, especially that of Charles Deen, and between Deen and Henric Hayes. And it is true that Deen contradicted himself during the trial. For instance, he

10

testified that the victim came downstairs and opened the door (Trial Tr., 11/8/16, ECF No. 10-10, PageID.631), but subsequently denied saying that. (Trial Tr., 11/9/16, ECF No. 10-11, PageID.679.)

Nonetheless, whether on direct appeal or collateral review, it is the trier of fact who is responsible for evaluating witness credibility and resolving evidentiary conflicts, not the court. Supreme Court precedent "unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos*, 565 U.S. at 7 (citing *Jackson*, 443 U.S. at 326).

Accordingly, the state court's conclusion that sufficient evidence supports Petitioner's convictions was not unreasonable. Petitioner is not entitled to habeas relief on this issue.

## B. Prosecutorial misconduct and false testimony

Petitioner's remaining three claims charge the prosecution with misconduct. They rely on Petitioner's assertions that the testimony of witnesses Charles Deen and Mark Eddins was false, that Deen was improperly influenced by the victim's sister, and that the prosecutor knowingly introduced the testimony nonetheless.

11

Because these claims rely on the same underlying allegations, the Court will address them together, beginning with the question of false testimony.

The Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice." *Banks v. Dretke*, 540 U.S. 668, 694 (2004) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)); *McNeill v. Bagley*, 10 F.4th 588, 604 (6th Cir. 2021), *cert. denied sub nom. McNeill v. Shoop*, 142 S. Ct. 1377 (2022) (citation omitted). Due process is similarly denied when a prosecutor allows false evidence or testimony to go uncorrected. *Foley v. Parker*, 488 F.3d 377, 392 (6th Cir. 2007) (citing *Giglio*, 405 U.S. at 153-54); *see also Napue v. Illinois*, 360 U.S. 264, 269 (1959) (internal citations omitted); *Davis v. Larson*, 769 F. App'x 233, 237 (6th Cir. 2019).

The Sixth Circuit has "fashioned a three-part test for determining whether there was a denial of due process through the use of false testimony." *Peoples v. Lafler*, 734 F.3d 503, 515 (6th Cir. 2013)). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a petitioner must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *United*

*States v. Collins*, 799 F.3d 554, 587 (6th Cir. 2015) (quoting *Peoples*, 734 F.3d at

516). "Testimony is material only if there is a reasonable likelihood that it affected

the judgment of the jury." *Peoples*, 734 F.3d at 516 (citing *Brooks v. Tennessee*,

626 F.3d 878, 895 (6th Cir.2010))

        The petitioner bears the burden of demonstrating the testimony introduced

was false or perjured. *Brooks*, 626 F.3d at 895 (quoting *Coe v. Bell*, 161 F.3d 320,

343 (6th Cir. 1998)). That requires showing a witness's statement to be

"'indisputably false' rather than 'merely misleading.'" *Abdus-Samad v. Bell*, 420

F.3d 614, 626 (6th Cir. 2005) (quoting *Byrd v. Collins*, 209 F.3d 486, 517–518 (6th

Cir. 2000)). Moreover, "'mere inconsistencies in testimony by government

witnesses do not establish knowing use of false testimony.'" *United States v.

Fields*, 763 F.3d 443, 461–62 (6th Cir. 2014) (quoting *United States v. Lochmondy*,

890 F.2d 817, 822 (6th Cir.1989)); *see also Malcum v. Burt*, 276 F. Supp. 2d 664,

684 (E.D. Mich. 2003) (citation omitted) ("[T]he fact that a witness contradicts

himself or herself or changes his or her story also does not establish perjury.").

        Petitioner's proof of false testimony relies on inconsistencies between

Deen's statement to police, and his testimony at the preliminary examination, the

separate trial of another co-defendant, and at trial. (ECF No. 1, PageID. 58-60.) He

argues Deen's testimony conflicted with the statements other witnesses (who did

13

not testify at trial) gave police. (*Id.* at PageID.60.) Petitioner also cites inconsistencies in witness Eddins' statements and otherwise challenges his credibility. (*Id.* at PageID.61.)

The state court of appeals held that Petitioner had failed to "establish that the prosecutor knowingly used perjured testimony to obtain his convictions." *Stafford*, 2018 WL 4577192, at *4. The court explained that

> [a]lthough there were instances when both witnesses' trial testimony differed from their prior testimony, there is no indication that the prosecutor sought to conceal those inconsistencies. Indeed, defendant Stafford cites examples of when either one of the defense attorneys or the prosecutor questioned the witnesses about their inconsistent statements.

*Id.* After reviewing examples of Deen's and Eddins' testimony, the court concluded that Petitioner's "argument does not involve an issue of perjury, but of witness credibility." *Id.*

Having reviewed Petitioner's argument and the record, this Court finds the state court's conclusion to be reasonable. Petitioner has failed to establish any of the challenged statements were "indisputably false"; rather, they rely on inconsistencies which are inadequate to support a finding of perjury.

Moreover, although the state court did not address the materiality of the purported false testimony, the Court finds that criterion also supports its decision. Whether the testimony was about where Deen was sitting, if porch or streetlights

14

were on (an issue for both Deen and Eddins), or if Deen had consumed alcohol

before the murder, Petitioner has not demonstrated these inconsistencies present "a

reasonable likelihood that [they] affected the judgment of the jury." *Peoples*, 734

F.3d at 516.

Proceeding to Petitioner's specific claims, he argues first in Claim II that the

prosecutor "committed fraud upon the court" by knowingly introducing Charles

Deen's "tampered" and false testimony. (Pet., ECF No. 1, PageID.52-53.) The

Sixth Circuit has

> defined fraud on the court as conduct: 1) on the part of an officer of
> the court; that 2) is directed to the judicial machinery itself; 3) is
> intentionally false, willfully blind to the truth, or is in reckless
> disregard for the truth; 4) is a positive averment or a concealment
> when one is under a duty to disclose; and 5) deceives the court.

*Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (citing *Demjanjuk v.

Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). A petitioner must "prov[e] the

existence of fraud on the court by clear and convincing evidence." *Id.* (citing

*Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

The sole factual support for Petitioner's argument is that "[t]he prosecutor

blatantly called Charles Deen, and used him as its main witness, knowing the

victim's sister tampered with him . . . [and] knowingly presented . . . testimony

which was clearly false[.]" (ECF No. 1, PageID. 52-53.) As the Court explained

above, the false testimony allegations are without merit.

15

So is the assertion of "tampered" testimony. Petitioner alleges the victim's sister "bribed" Deen by providing him a beer before taking him to the police station to give his statement. (ECF No. 1 PageID.53.) The state court found no improper influence, intimidation, or even encouragement "to give *false* testimony." *Stafford*, 2018 WL 4577192, at *4 (emphasis in original). Deen testified about the sister's and his own actions, and the court held that whether Deen's testimony was improperly obtained was a credibility question for the jury. *Id.*

The inconsistencies and the victim's sister's actions were not concealed but were fully explored at trial. Petitioner has not shown how the trial court was deceived. Nor has he presented any other evidence, much less to a clear and convincing standard, that the prosecutor's actions met any of the remaining "fraud on the court" criteria.

The Court thus finds the state court's rejection of the "fraud" claim to be reasonable and Claim II is meritless. Claim III, in which Petitioner asserts the prosecutor knew that "the victim's sister had bribed [Deen] with some beer in order to present his false testimony to the jury" (*id.* at PageID.53) is without merit for the same reasons.

Finally, in Claim IV, Petitioner alleges the prosecutor "knowingly presented false testimony" of witnesses Charles Deen and Mark Eddins. (*Id.* at PageID.54-61.) This claim is fully resolved by the preceding analysis finding Petitioner failed

16

to establish that the testimony was false.

For all the reasons stated above, the prosecution did not perpetrate a fraud upon the court, witness Deen's testimony was not improperly procured by the actions of the victim's sister, and the prosecution did not knowingly present false testimony. Petitioner is not entitled to habeas relief on his claims of prosecutorial misconduct.

## I.Conclusion and Order

Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus (ECF No. 1).

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate such a denial, a petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists would not find it debatable whether Petitioner's conviction was supported by sufficient evidence nor whether the prosecutor presented false testimony. Accordingly, the Court **DENIES**

a certificate of appealability.

However, because an appeal could be made in good faith, the Court will

**GRANT** Petitioner leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3); Fed.

R. App. P. 24(a)(3)(A.

**SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 30, 2023

 I hereby certify that a copy of the foregoing document was served upon counsel
and/or parties of record on August 30, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager

18